IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RYAN BENSON, individually and on behalf of all similarly situated individuals,** | ** ** ** ** |
| **Plaintiff,** | ** ** |
| vs. | ** ** **  CASE NO.: 1:11-CV-00688 |
| **THE BANK OF NEW YORK MELLON, f/k/a, THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-6,** | ** ** ** ** ** ** ** |
| **Defendant.** | ** |

## COMPLAINT

**NOW COMES** Plaintiff, Ryan Benson, individually and on behalf of all similarly situated individuals, and as Complaint against the Defendant, The Bank of New York Mellon, f/k/a The Bank of New York as Trustee for the Certificate Holders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-6, avers as follows:

### INTRODUCTION

Plaintiff brings this action for violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., ("TILA"), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1640 (Truth in Lending Act).

2. Venue is proper here because the events giving rise to Plaintiff's cause of action occurred in this district.

## THE PARTIES

3.  Plaintiff is an adult resident of Baldwin County, Alabama.

4.  Defendant, The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Certificate Holders CWABS, Inc., Asset-Backed Certificates, Series 2006-6 ("Mellon") is a corporation formed outside the State of Alabama, with its principal place of business in New York. At all relevant times, Mellon conducted business in Baldwin County, Alabama. Mellon is sued in its capacity as trustee for the trust identified as the CWASB Trust 2006-6 ("CWASB 2006-6 Trust").

## FACTUAL ALLEGATIONS

5.  On November 15, 2005, Plaintiff executed a real estate mortgage with Countrywide Home Loans, Inc., in the amount of $188,500.00.

6.  On July 25, 2011, an ownership interest in the Plaintiff's mortgage and note was assigned to Mellon. A written Assignment identifying Mellon as the assignee was executed on July 5, 2011, and recorded in the probate office of Baldwin County, Alabama on or about August 08, 2011. (See Assignment attached hereto as Exhibit "A" and incorporated by reference)

7.  The mortgage loan at issue was secured by the Plaintiff's principal residence.

8.  Upon the assignment Mellon became "covered person" within meaning of 12 C.F.R. § 226.39(a)(1).

9.  Mellon published a notice of foreclosure sale in the Fairhope Courier. A copy of the notice is attached hereto as Exhibit "B." The notice stated in part, "said mortgage having subsequently been transferred and assigned to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2006-6, the undersigned The Bank of New York Mellon f/k/a The Bank of New York, as Trustee

2

for the Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2006-6, as Mortgagee/Transferee."

10. On September 2, 2011, Mellon conducted a foreclosure sale on Plaintiff's mortgage at the Courthouse door in Bay Minette, Baldwin County, Alabama. (See the Foreclosure Deed attached hereto as Exhibit "C"). The foreclosure deed states that Plaintiff's mortgage was "transferred and assigned to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2006-6, by instrument recorded in Instrument Number 1298059."

11. The Truth-in-Lending Act, at 15 U.S.C. § 1641(g), requires notification of the borrower within 30 days of any transfer or assignment of their mortgage loan to a third party. Specifically § 1641(g) states:

> (g) **Notice of new creditor**
> (1) **In general**
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
>
> (A) the identity, address, telephone number of the new creditor;
> (B) the date of transfer;
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
> (D) the location of the place where transfer of ownership of the debt is recorded; and
> (E) any other relevant information regarding the new creditor.
>
> (2) **Definition**
> As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g).

12. Mellon failed to provide to Plaintiff, and the class described below, disclosures required by TILA Section 1641(g).

## COUNT ONE

13. Plaintiff realleges the allegations above as if fully set out herein.

14. With respect to Plaintiff, Mellon received by assignment an ownership interest in his mortgage and note.

15. Mellon is a "creditor" as that term is used in 15 U.S.C. § 1641(g) and is also a "Covered Person."

16. The mortgage at issue mortgage secures an interest in real estate which is used by Plaintiff as his principal dwelling.

17. Upon receipt of the mortgage assignment assignment Mellon was required to notify Plaintiff in writing of such transfer, within 30 days, and make all the disclosures set out above.

18. Mellon failed to notify Plaintiff at all and therefore failed to make the requisite disclosures.

19. As a result of the failure to comply Plaintiff did not receive the notice that he was entitled to.

WHEREFORE Plaintiff demands judgment for statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a).

## CLASS ALLEGATIONS

20. Plaintiff realleges the allegations above as if fully set out herein.

21. These claims are brought on behalf of all residential mortgage borrowers who:

      A.      From a time period beginning one year prior to the date of the filing of this complaint to the present;

      B.      Had a mortgage loan, as that term is defined by 15 U.S.C. § 1641(g)(2); and

      C.      An interest in their mortgage loan was sold or otherwise transferred or assigned to Mellon; and

      D.      Did not receive all of the disclosures required by 15 U.S.C. § 1641(g)(1).

22.    The identities of the class members are readily identifiable through computer records and paper records, regularly maintained in Defendant's course of business

23.    The scope of this class definition, including its temporal scope, will be further refined after discovery of Defendant's books and records.

24.    The Class is so numerous as to make it impracticable to bring all members of the Class before the Court.  Upon information and belief, the class includes thousands of members. In some instances, such persons may be unaware that claims exist on their behalf. To the extent that class members have knowledge of their claims, their damages are in such amounts that when taken individually, they may be too small to justify the expense of a separate lawsuit.

25.    The representative Plaintiff's claims are typical of, if not identical to, the claims of the class.

26.    The representative Plaintiff will fairly and adequately represent the members of the class and has no interests which are antagonistic to the claims of the Class.

27.    The representative Plaintiff has retained counsel who are competent and experienced in consumer class action litigation, and have successfully represented consumers in numerous complex class actions.

28.     Counsel has agreed to handle this case on a contingent basis, with their compensation for professional services only as awarded by the Court.

29.     Common questions of law and fact impact the rights of each member of the Class and a common remedy by way of statutory damages is sought for the Class.

30.     There are numerous and substantial questions of law and fact common to all members of the Class which will control in this litigation and which will predominate over any so-called individual issues.

31.     A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy.

32.     The substantive claims of the representative Plaintiff and the class are identical and will require evidentiary proof of the same kind and application of the same law.

33.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because class members number in the thousands and individual joinder is impracticable.

34.     The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually.

WHEREFORE, Plaintiff for himself and on behalf of the class of borrowers described above, demand judgment against Defendant Mellon and the following relief:

A)     An order certifying that this action may be maintained as a class action, as defined above, under Fed.R.Civ.R. 23(a) and 23(b)(3);

B)     An order appointing Plaintiff as representative of the class;

C)     An order appointing the undersigned counsel as class counsel pursuant to Fed.R.Civ.R. 23;

D) An order directing that reasonable notice of the class action be provided to all members of the class at the appropriate time;

E) For violating TILA, an order and judgment finding that the Defendant is liable as a matter of law to each member of the class for damages, costs and fees, as provided pursuant to 15 U.S.C. § 1640(a);

G) An award of reasonable attorney's fees as provided by law and statute;

H) An award of costs and expenses incurred in this action; and

I) An award for such other relief as the court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL CLAIMS ASSERTED HEREIN**

*[signature]*

EARL P. UNDERWOOD, JR.
KENNETH J. RIEMER
Attorneys for Plaintiff

**OF COUNSEL**
**Underwood & Riemer, P.C.**
**21 South Section Street**
**Fairhope, Alabama 36532**
**(251) 990.5558 Telephone**
**(251) 990.0626 Facsimile**
epunderwood@alalaw.com
kjr@alaconsumer.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Bank of New York Mellon
4500 Park Granada
Calabasas, CA 91302